IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROY SAUDARG<br>214 Yocom Rd.<br>Douglassville, PA 19518<br><br>　　　　　Plaintiff,<br>　v.<br><br>WILLIAMS WPC-I, LLC. d/b/a<br>WILLIAMS GAS PIPELINE TRANSCO<br>60 N. Bacton Hill Rd.<br>Frazer, PA 19355<br><br>　　　　　Defendant. | CIVIL ACTION<br><br>DOCKET NO.:<br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Roy Saudarg (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. This action has been initiated by Plaintiff against Williams WPC-I, LLC (*hereinafter* referred to as "Defendant") for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq.*) and the Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff asserts, *inter alia*, that he was unlawfully terminated from Defendant. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks

---

[1] Plaintiff will move to amend the instant Complaint to include violations of the PHRA after full administrative exhaustion before the Pennsylvania Human Relations Commission ("PHRC"). Such claims will identically mirror Plaintiff's federal claims asserted herein under the ADA.

redress for violations of civil rights under the ADA. There lies supplemental jurisdiction over Plaintiff's future state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff filed a Charge of Discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing and dual-filing his Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant Williams WPC-I, Inc. is an energy company based in Tulsa, Oklahoma with locations throughout the United States, including the location at which Plaintiff worked in Frazer/Malvern, Pennsylvania (identified in the above-captioned address).

9. At all times relevant herein, Defendant acted by and through its agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff has and continues to suffer from various health conditions, including but not limited to sleep apnea, which Plaintiff previously had surgery for in an attempt to correct such health issue.

12. Plaintiff has been employed with Defendant for approximately 14 years.

13. In the last decade while working for Defendant, Plaintiff has performed various job responsibilities.

14. In or about January of 2016, Plaintiff was employed as a Shift Operator.

15. On or about January 4, 2016, Plaintiff was called into a meeting with District Manager - Jerry McInaw, Assistant Manager – Mike Baer, and Human Resources Manager – Mark Sparks (who appeared via telephone).

16. In Plaintiff's January 4, 2016 meeting with McInaw, Baer, and Sparks, Plaintiff was informed that Defendant's management believed Plaintiff had "a problem" and that he was a "safety hazard" because his eyes were closed in a safety meeting that occurred over two (2) months prior (which is completely false).

17. Plaintiff was further told in his January 4, 2016 meeting with Defendant's management (discussed *supra*) that he was going to be arbitrarily taken off his shift and out of his position and placed on maintenance crew so that he could "work with other people and be monitored" until he had a sleep study or was seen by a doctor.

18. Therefore, without any medical basis, Plaintiff was removed from his position because he was an alleged "safety hazard," but was also told that he could work in a functionally demoted role (which is completely illogical).

19. On or about January 5, 2016, Plaintiff reported to the maintenance specialist for the maintenance crew to inquire about what assignments he would be doing; however, Baer quickly approached Plaintiff and told him to work in the basement, painting pipes.

20. Plaintiff spent the next two months in the basement, painting pipes without any supervision or monitoring by other co-workers or management (despite the fact that the whole alleged purpose of moving Plaintiff to the maintenance crew was so that he could work with other people and be monitored).

21. Following January 5, 2016, Plaintiff visited his doctor and scheduled a sleep study to occur approximately 14 days before he was required to report to an out-of-state project, in which Plaintiff would have been earning approximately $50,000-$100,000 (including pay upgrade, overtime, and per diem compensation).

22. Plaintiff informed Defendant's management that he had seen a doctor and had scheduled a sleep study approximately 14 days before he was supposed to report to the aforesaid out-of-state project; however, Plaintiff was told by Defendant's management in early January that he would have to see a company doctor before he could be released to fully perform his prior

4

work duties and that Defendant did not have enough time to schedule an appointment with the company doctor so Plaintiff would not be able to work on the aforesaid out-of-state project.

23. Despite Plaintiff's requests of Defendant's management to provide him with the name of the company doctor so that he could try and schedule an appointment with him as soon as possible (in order to be released to perform his prior duties and report to the aforementioned out-of-state project), Defendant's management refused and simply stated "no, we don't have enough time, you will not be able to go on the project" – even though Plaintiff had already been approved to go on said project.

24. In or about March of 2016, Plaintiff called Sparks on two different occasions and complained about the discriminatory treatment that he was being subjected to (as discussed *supra*).

25. Shortly after Plaintiff's aforesaid complaints of discrimination, Plaintiff was approached by McInaw and asked why he had reported his concerns to Defendant's HR department. Plaintiff replied that he believed moving him to a demoted role and not allowing him to go on the out-of-state project because of his aforesaid health conditions (and/or Defendant's unwarranted beliefs about his health conditions) was unfair.

26. Plaintiff remained working in his aforesaid demoted role, earning approximate $1.00 less per hour and receiving less overtime than he normally would receive as a Shift Operator, until in or about April of 2016.

27. In or about April of 2016, Plaintiff was approached by Baer and asked to go back on shift work as Shift Operator, to which Plaintiff responded that he still needed to see a company doctor (as Defendant's management still had not scheduled him for a date/time to meet

with the company doctor). In response, Baer told Plaintiff "don't worry about it, just get a note from your own doctor."

28. Plaintiff retrieved a note from his doctor indicating that he was cleared to return to work and thereafter return to his prior work as a shift operator in April of 2016.

29. Therefore, even though Plaintiff was supposedly required to see a company doctor before being permitted to return to work performing his normal duties and thus attend the aforementioned out-of-state project, he eventually was allowed to return to his prior job duties without ever seeing a company doctor - evidencing Defendant's discriminatory intent to keep Plaintiff from performing his normal job duties and from attending the out-of-state project based on their misperceptions of his health conditions.

30. Plaintiff believes and therefore avers he was removed from his position, placed into a functionally demoted role earning less money, and not permitted to work on an out-of-state project (which he had previously been approved to work on) because of his actual/perceived/record of disabilities.

31. In addition to being discriminated against because of his actual/perceived/record of disabilities, Plaintiff was also not paid for all hours he worked between September of 2015 and January of 2016.

32. At all times between September of 2015 and January of 2016, Plaintiff was paid an hourly rate of $32.24.

33. Plaintiff was also paid a rate of time and one half for *some* hours that he worked over forty hours in one week.

34. Between September of 2015 and January of 2016, Plaintiff would often perform work after hours and on his days off relating to the aforesaid out-of-state project that he had been

approved to work on, starting in February of 2016 (for which he had later been taken off of due to Defendant's discriminatory actions – discussed *supra*).

35. Plaintiff performed approximately 100 hours of work between September of 2015 and January of 2016 relating to the aforesaid out-of-state project that he was not paid any wages for.

36. Defendant has never classified Plaintiff as employee who is exempt from overtime, and Plaintiff has throughout his entire duration of employment with Defendant been entitled to overtime compensation.

37. Therefore, between September of 2015 and January of 2016, Defendant failed to pay Plaintiff proper wages and overtime wages under state and federal law, despite the fact that Defendant's management knew that he had been performing such work.

### First Cause of Action
### Violations of the Americans with Disabilities Act, as Amended ("ADAAA")
### (Actual/Perceived/Record of Disability Discrimination)

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39. Plaintiff believes and therefore avers that Defendant removed him from his position, placed him into a functionally demoted role earning less money, and refused to permit him to work on an out-of-state project (earning between $50,000-$100,000) because: (1) of his known and/or perceived health problems; (2) his record of impairment; and/or (3) his requested accommodations.

40. These actions as aforesaid constitute violations of the ADAAA.

## Second Cause of Action
## Violations of the Fair Labor Standards Act ("FLSA")
### (Failure to Pay Overtime Wages)

41. The foregoing paragraphs are incorporated herein as if set forth in full.

42. At all times relevant herein, Defendant is, and continues to be, an "employer" within the meaning of the FLSA.

43. At all times relevant herein, Plaintiff was an "employee" within the meaning of the FLSA.

44. The FLSA requires covered employers, such as Defendant, to minimally compensate its "non-exempt" employees, such as Plaintiff, at a rate of 1.5 times the employee's regular rate of pay for each overtime hour that the employee works (*i.e.* hours in excess of 40 hours in a workweek).

45. At all times during his employment with Defendant, Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

46. Defendant knew that Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

47. Defendant failed to pay Plaintiff 1.5 times Plaintiff's regular rate of pay for every hour that he worked over 40 each workweek between September of 2015 and January of 2016 (as discussed *supra*).

48. As a result of Defendant's failure to pay Plaintiff the overtime compensation due him, Defendant violated the FLSA and caused Plaintiff to suffer damages in the form of unpaid overtime compensation.

### Third Cause of Action
### Violations of the Pennsylvania Minimum Wage Act ("PMWA")
### (Failure to Pay Overtime Wages)

49. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

50. At all times relevant herein, Defendant is, and continues to be, an "employer" within the meaning of the PMWA.

51. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of the PMWA.

52. The PMWA requires covered employers, such as Defendant, to minimally compensate its "non-exempt" employees, such as Plaintiff, 1.5 times the employee's regular rate of pay for each hour that the employee works over 40 in a workweek.

53. At all times during his employment with Defendant, Plaintiff was a "non-exempt" employee within the meaning of the PMWA.

54. Defendant knew that Plaintiff was a "non-exempt" employee within the meaning of the PMWA.

55. Defendant failed to pay Plaintiff 1.5 times Plaintiff's regular rate of pay for every hour that he worked over 40 each workweek between September of 2015 and January of 2016 (as discussed *supra*).

56. Defendant's failure to pay Plaintiff's wages and overtime compensation as aforesaid constitute violations of the PMWA.

## Fourth Cause of Action
### Violation of the Pennsylvania Wage Payment Collection Law ("WPCL")
### (43 P.S. 260.3(a)-(b))

57. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

58. Plaintiff had an agreement with Defendant whereby Defendant agreed to compensate Plaintiff for services he performed during his employment.

59. Defendant failed to compensate Plaintiff for all wages owed during his employment.

60. Between September of 2015 and January of 2016, Plaintiff performed the agreed-upon services for Defendant, and Defendant failed to properly compensate Plaintiff for the services rendered as specified by the Parties' employment agreement (included but not limited to paying Plaintiff for all hours worked before or after his scheduled shift and on his days off).

61. These actions as aforesaid constitute violations of the Pennsylvania Wage Payment and Collection Law.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority.

Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/discrimination at the hands of Defendant until the date of verdict;

C. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

KARPF, KARPF & CERUTTI, P.C.

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square
Building 2, Ste. 128
Bensalem, PA 19020
(215) 639-0801

Dated: March 23, 2017

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| ROY SAUDARG | CIVIL ACTION |
| v. | |
| WILLIAMS WPC-I, LLC. d/b/a WILLIAMS GAS PIPELINE TRANSCO | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| | | |
|---|---|---|
| 3/29/17 | _[signature]_ | Plaintiff |
| Date | Attorney-at-law | Attorney for |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 214 Yocom Road, Douglassville, PA 19518

Address of Defendant: 60 N. Bacton Hill Road, Frazer, PA 19355

Place of Accident, Incident or Transaction: Defendant's place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒

*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 3/28/17        Attorney-at-Law        ARK2484    Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/28/17        Attorney-at-Law        ARK2484    Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SAUDARG, ROY

**(b)** County of Residence of First Listed Plaintiff: Berks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com

## DEFENDANTS
WILLIAMS WPC-I, LLC. d/b/a
WILLIAMS GAS PIPELINE TRANSCO

County of Residence of First Listed Defendant: Chester
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Americans w/Disabilities Act "ADA" (42USC12101)

Brief description of cause:
Violations of the ADA and the PA Human Relations Act.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 3/29/17
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

[Print] [Save As...] [Reset]